Filed 8/19/21  Noble v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DESIRAE NOBLE,<br><br>        Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF MERCED COUNTY,<br><br>        Respondent;<br><br>FORESTT NOBLE,<br><br>        Real Party in Interest. | F081597<br><br>(Super. Ct. No. 18FL-03280)<br><br><br>**OPINION** |

-ooOoo-

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Shelly Seymour, Judge.

Family Violence Appellate Project, Cory Hernandez, Arati Vasan, Jennafer Dorfman, and Erin C. Smith; Morgan Lewis & Bockius, William Peterson, Catherine Eschbach, and Deborah E. Quick, for Petitioner.

No appearance for Respondent.

Archer & Emery and Skye Emery for Real Party in Interest.

-ooOoo-

Family Code section 3044[1] establishes a rebuttable presumption that it is not in the child's best interest to award joint or sole legal or physical custody to a parent who a court has found to have committed domestic violence against the other parent within the previous five years. (§ 3044, subds. (a), (d)(2).) The presumption can only be rebutted if the court finds both that the perpetrator of domestic violence has demonstrated it is in the child's best interest to grant the perpetrator custody and enumerated factors on balance support the legislative findings in section 3020. (§ 3044, subd. (b).) When a party in a custody proceeding has alleged the other party has perpetrated domestic violence, the court is required to: (1) inform the parties of the existence of section 3044 and give them a copy of the section prior to custody mediation (§ 3044, subd. (h)); and (2) in an evidentiary hearing or trial in which custody orders are sought, determine whether section 3044 applies before issuing a custody order (§ 3044, subd. (g)).

In this marital dissolution action, petitioner Desirae Noble (Desirae) contends that, despite respondent family court knowing she had obtained a domestic violence restraining order from a Utah court against real party in interest Forestt Noble (Forestt) and presented evidence of Forestt abusing her, the family court neither notified the parties of section 3044 prior to custody mediation nor applied the statute in making its interim custody orders. As a result, she argues, the family court awarded joint custody of the couple's two children to Forestt without making the findings required to rebut the statutory presumption against an award of custody to him.

Desirae seeks a writ of mandate, prohibition, or other appropriate relief to compel the family court to vacate its interim orders granting Forestt joint legal and physical custody of the children and to enter a new order after considering the section 3044 presumption of detriment. We agree with Desirae. Accordingly, we grant the petition for

---

[1] Undesignated statutory references are to the Family Code.

2.

writ of mandate and direct the family court to vacate its interim custody orders and reconsider custody based on the section 3044 presumption.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

Desirae and Forestt have two children, who are now eight and five years old. In December 2018, Desirae filed a petition for dissolution of her marriage to Forestt. At the time, in a separate proceeding, Desirae requested a domestic violence restraining order against Forestt, but the case was dismissed after Desirae failed to serve him. In April 2019, the family court granted the dissolution petition by default and awarded Desirae sole legal and physical custody of the children. Around the time the default was entered, Desirae moved to Utah to join the children, who were living there with her parents.

Although Forestt agreed to send the children to Utah, he claims he was unaware of the pending divorce proceeding and believed they were sending the children to Utah so they could work on their marriage. On April 23, 2019, Forestt filed a motion to set aside the default, claiming he had not been served properly, and sought to prevent Desirae from leaving the state with the children. The family court set a hearing on the motion for September 10, 2019, and ordered the parties to attend child custody recommending counseling (custody mediation) on August 27, 2019.

In May 2019, Desirae filed for and received a temporary domestic violence restraining order against Forestt from a Utah court. She was served with the motion to set aside the default in August 2019. She filed a responsive declaration in which she stated she had been subjected to domestic violence for several years. She provided

---

**2** We originally denied the petition, noting it challenged a temporary order and the dissolution matter was still pending. Thereafter, the California Supreme Court granted Desirae's petition for review and transferred the matter to us with directions to vacate our order denying the petition and issue an order directing the parties to show cause why the relief sought in the petition should not be granted. We complied, but Forestt failed to file a return.

evidence of the abuse, including medical records from 2017 showing she experienced bruising and shoulder pain, a 2017 Sacramento County Sheriff's Office report showing Forestt was arrested for allegedly shoving Desirae and hitting her in the mouth,[3] and a May 2019 email Forestt purportedly sent her which stated: "yes I hurt you physically, and the reason doesn't even matter." The medical records also showed that Desirae was hospitalized in April 2017 when she threatened to commit suicide with a gun.

Hearings on Forestt's motion to set aside the default were held in September 2019 and January 2020. In preparation for the hearing, the child custody recommending counselor (the mediator) filed a recommendation that Desirae retain sole legal and physical custody of the children. The recommendation further stated the parents could request further review after the Utah temporary protective order case was heard on September 24, 2019.

At the September 10, 2019 hearing, Forestt's attorney informed the family court of a 2018 Sacramento County child protective services matter involving the family which resulted in the issuance of a safety plan and release of the children to Forestt. The parties also mentioned the Utah domestic violence restraining order proceeding, which Forestt's attorney asserted was based on an alleged incident in Merced County, with a hearing set for September 24, 2019. The family court continued the hearing and ordered: (1) the clerk's office to obtain all reports from Sacramento County child protective services pertaining to the family; (2) Forestt's attorney to lodge the domestic violence restraining order pending in Utah; and (3) Desirae's attorney to lodge the pleadings in the Utah matter.

In October 2019, the family court appointed an attorney for the children and asked him to prepare a report that would include a review of the Sacramento and Utah

---

**3**     Forestt claimed the charges from this incident were dropped.

4.

proceedings, the parents' criminal backgrounds, and any safety concerns. The family court judge also held a telephonic chambers conference with the judge who was presiding over the Utah restraining order proceeding. A minute order of the conference states the judges agreed child custody jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act remained in Merced County.

On October 22, 2019, following a hearing at which both Desirae and Forestt appeared, the Utah court issued a 10-year protective order against Forestt (the Utah protective order), which states it complies with the Uniform Interstate Enforcement of Domestic Violence Protection Orders Act.[4] The Utah protective order contains the following personal conduct order: "Do not commit, try to commit or threaten to commit any form of violence against the Petitioner or any person listed on this order. This includes stalking, harassing, threatening, physically hurting, or causing any other form of abuse." According to Desirae, the Utah protective order was "based on findings that there was a threat of physical violence."

Prior to the January 2020 hearing, the children's attorney submitted a report in which he noted Desirae had accused Forestt of domestic violence and had a restraining order against him in Utah for events that allegedly occurred in Merced County. The attorney noted the documents Desirae submitted with her responsive declaration, namely, the medical records from the 2017 domestic violence incident, the email in which Forestt admitted causing her physical harm, and the Sacramento County Sheriff's Office report of a domestic violence incident that resulted in Forestt's arrest. The attorney also summarized the Utah court's findings with respect to the Utah protective order, including

---

**4**    The Utah protective order states it was made after Forestt was given notice and an opportunity to be heard at the hearing, both Desirae and Forestt were present at the hearing, and before making its orders, the Utah court reviewed the request for protective order, and received argument and evidence.

that Forestt "has abused or committed domestic violence against [Desirae], or that there is a substantial likelihood [Forestt] immediately threatens [Desirae's] physical safety." The attorney further noted Forestt filed supplemental information for the Utah court's file, as requested by the Utah judge, in which he claimed Desirae filed a false claim of domestic violence which she alleged occurred in December 2018, and the Utah court did not have jurisdiction due to the pending custody and child protective services cases in Merced County. In his recommendations, the attorney stated both parents appeared to be in better shape apart than they were together; neither, alone, was dangerous for the children; and it appeared to be in the children's best interest for the parents to have a great deal of time with them.

At the January 31, 2020 hearing, Desirae's attorney noted the documents they provided showed Forestt physically abused Desirae on several occasions, which he admitted in the email. The attorney also stated Forestt committed further acts of domestic violence against Desirae after she filed her petition for dissolution. The family court noted the Utah protective order was lodged in its case file. The family court and parties also discussed the prior child protective services matter; while Forestt's attorney claimed Desirae did not complete the services required of her, Desirae told the court she completed the required classes and the matter was closed in May 2018.[5]

At the conclusion of the hearing, the family court granted Forestt's motion and set aside the default. The family court found Desirae did not have permission to leave the

---

[5]    The family court read the safety plan into the record. It stated the department was concerned that Desirae tested positive for alcohol in January 2018, placing the children under risk of abuse or neglect. The safety plan was for Forestt and a maternal aunt to provide a safe and stable environment for the children, they would not leave the children with Desirae unsupervised until the department stated otherwise, and Desirae could only have supervised contact with the children. Desirae was to work on her sobriety by completing the specified services. Desirae signed the safety plan but added to her signature that it was based on a false positive result.

state with the children and ordered their return to California, where they were to reside with Forestt pending a move-away evaluation. Without mentioning section 3044, the family court granted the parties joint legal and physical custody and ordered them to attend custody mediation on February 11, 2020, to formulate a custody agreement. In discussing child support, the family court stated it would not act because child support proceedings had been started in Utah and asked the attorneys to check on whether Utah had taken jurisdiction over child support. The children's attorney asserted the matter was complicated by the Utah protective order. The family court disagreed because the order was in place, adding the family court had conferred with the Utah judge, who understood California had custody jurisdiction, and the family court was aware of the Utah judge's order, which was in the family court's file.

A hearing on the issue of custody was held on February 28, 2020. The parties reached a temporary agreement for visitation and custody at the February 11, 2020 custody mediation, as well as a longer-term agreement contingent on Desirae returning to the area, which would be submitted as a recommendation. The mediator submitted a recommendation that incorporated the parties' agreement on custody and visitation, noting the family court had previously ordered the parents to share legal and physical custody of the children. After confirming Desirae was moving back to the area, who said she was living in Madera, the family court adopted the mediator's recommendation without mentioning section 3044.[6]

In July 2020, Forestt and Desirae filed competing ex parte motions to modify custody, in which each asked for sole legal and physical custody of the children. In Forestt's motion, filed on July 13, 2020, he stated Desirae had moved, but she refused to give him her address and he believed she was living in a women's shelter in Hanford. He

---

[6] The family court ordered Forestt's attorney to prepare the findings and order after hearing, but according to Desirae, one was never filed.

asserted Desirae did not show up at their meeting place the previous day to transfer custody of the children in accordance with the custody agreement and a police officer told him Desirae reported to police that Forestt pointed a firearm at one of the children, which he denied doing. Forestt feared Desirae may attempt to flee with the children, as he believed she was becoming more unstable and he did not know where she and the children were.

Desirae stated in her motion, filed on July 14, 2020, that she left Madera County because Forestt continued to stalk and harass her. Desirae claimed the children were in danger based on an incident, relayed to her by her oldest child and subsequently reported to police, that Forestt pointed a gun at the children, and Forestt's neglect in failing to buckle the younger child into the car and failing to bathe or feed the children. Desirae also recounted instances, documented with the police, she claimed Forestt failed to comply with the terms of the custody exchanges.

On July 13, 2020, the family court issued an order granting Forestt's request for temporary emergency orders, which by its terms would expire on the hearing date unless extended by court order, giving him temporary physical custody of the children with video visits for Desirae, and denied Desirae's request for temporary emergency orders the following day. The family court set hearings on both motions for August 14, 2020.

At the August 14, 2020 hearing, the family court modified the February 28, 2020 custody order with respect to when each parent would have custody of, and visitation with, the children giving them alternating weeks with the children, but left the joint custody order in place.[7] A court date was set for October 20, 2020, for further

---

[7] Desirae did not provide a transcript of the August 14, 2020 hearing, asserting it was not available at the time the petition was filed.

proceedings and receipt of child protective services reports related to the alleged firearm incident.[8]

## DISCUSSION

### Governing Law and Standard of Review

In any custody proceeding, the court must make a custody award that is in "the best interest of the child." (§ 3040, subd. (d); *In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947, 955.) "In fashioning a custody order, however, the court 'is encouraged to make a reasonable effort to ascertain whether or not any emergency protective order, protective order, or other restraining order is in effect that concerns the parties or the minor.' (§ 3031, subd. (a).) Where such an order has been made, or whether there are other findings that domestic violence involving the parties has occurred, special considerations come into play under the Family Code. (See, e.g., §§ 3011, subds. (a)-(b), 3020, subds. (a), (c), 3044.)" (*Ellis v. Lyons* (2016) 2 Cal.App.5th 404, 415 (*Ellis*).)

In considering the impact of domestic violence on the "best interest" of the child, the Legislature has declared that "the perpetration of child abuse or domestic violence in a household where a child resides is detrimental to the health, safety, and welfare of the child." (§ 3020, subd. (a).) This policy has been codified in section 3044 as a rebuttable presumption that sole or joint physical or legal custody of a child should not be given to a parent who has perpetrated domestic violence: "Upon a finding by the court that a party seeking custody of a child has perpetrated domestic violence within the previous five years against the other party seeking custody of the child, or against the child or the child's siblings …, there is a rebuttable presumption that an award of sole or joint

---

[8]    In addition to filing this petition, Desirae also appeals from the February 28, 2020 and August 14, 2020 custody orders, which are currently pending in this court in case Nos. F081765 and F081632, respectively. In her petition, Desirae states she filed the notices of appeal out of an abundance of caution in the event we construe the challenged child custody orders as final orders not properly subject to writ review.

physical or legal custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of the child, pursuant to Sections 3011 and 3020. This presumption may only be rebutted by a preponderance of the evidence." (§ 3044, subd. (a).)

Subdivision (c) of section 3044 states that a person has "perpetrated domestic violence" within the meaning of subdivision (a) when the person is found to have "intentionally or recklessly caused or attempted to cause bodily injury, or sexual assault, or to have placed a person in reasonable apprehension of imminent serious bodily injury to that person or to another, or to have engaged in behavior involving, but not limited to, threatening, striking, harassing, destroying personal property, or disturbing the peace of another, for which a court may issue an ex parte order pursuant to Section 6320 to protect the other party seeking custody of the child or to protect the child and the child's siblings."

A court finding that the party seeking custody has perpetrated domestic violence may be made by *any court*, not just the court hearing the custody matter. (§ 3044, subd. (d)(2); *Ellis*, *supra*, 2 Cal.App.5th at p. 416.) As subdivision (d)(2) of section 3044 provides: "The requirement of a finding by the court shall also be satisfied if a court, whether that court hears or has heard the child custody proceedings or not, has made a finding pursuant to subdivision (a) based on conduct occurring within the previous five years." Thus, the section 3044, subdivision (a) rebuttable presumption necessarily applies if there has been a finding by any court, including a court of another state, that a person "has perpetrated domestic violence within the previous five years against the other party seeking custody of the child," as defined in section 3044, subdivision (c), based on conduct occurring within five years of the custody determination being made. (§ 3044, subds. (a), (c), (d)(2); *Ellis*, at p. 416.)

"The legal effect of the presumption is to shift the burden of persuasion on the best interest question to the parent who the court found committed domestic violence." (*Celia S. v. Hugo H.* (2016) 3 Cal.App.5th 655, 662; accord, *S.Y. v. Superior Court* (2018) 29 Cal.App.5th 324, 334.) Therefore, once the court finds a party seeking custody of a child has perpetrated domestic violence, section 3044, subdivision (b), sets forth detailed criteria that must be evaluated before the court may find the presumption mandated by subdivision (a) has been rebutted.[9] Subdivision (f) requires the court, in determining the presumption has been overcome, to make specific findings on each of the factors listed in subdivision (b) (§ 3044, subd. (f)(1)) and to state its reasons in writing or on the record (§ 3044, subd. (f)(2)).

The court may not decline to apply the presumption when a finding of domestic violence has been made. "The clear terms of section 3044 require that a court apply a presumption that it is detrimental to the best interest of the child to award joint or sole

---

[9]     Section 3044, subdivision (b) provides: "To overcome the presumption set forth in subdivision (a), the court shall find that paragraph (1) is satisfied and shall find that the factors in paragraph (2), on balance, support the legislative findings in Section 3020. [¶] (1) The perpetrator of domestic violence has demonstrated that giving sole or joint physical or legal custody of a child to the perpetrator is in the best interest of the child pursuant to Sections 3011 and 3020. In determining the best interest of the child, the preference for frequent and continuing contact with both parents, as set forth in subdivision (b) of Section 3020, or with the noncustodial parent, as set forth in paragraph (1) of subdivision (a) of Section 3040, may not be used to rebut the presumption, in whole or in part. [¶] (2) Additional factors: [¶] (A) The perpetrator has successfully completed a batterer's treatment program that meets the criteria outlined in subdivision (c) of Section 1203.097 of the Penal Code. [¶] (B) The perpetrator has successfully completed a program of alcohol or drug abuse counseling, if the court determines that counseling is appropriate. [¶] (C) The perpetrator has successfully completed a parenting class, if the court determines the class to be appropriate. [¶] (D) The perpetrator is on probation or parole, and has or has not complied with the terms and conditions of probation or parole. [¶] (E) The perpetrator is restrained by a protective order or restraining order, and has or has not complied with its terms and conditions. [¶] (F) The perpetrator of domestic violence has committed further acts of domestic violence."

11.

physical or legal custody to a parent if the court has found that that parent has perpetrated any act of domestic violence against the other parent in the preceding five years. The presumption is rebuttable, but the court *must* apply the presumption in any situation in which a finding of domestic violence has been made. A court may not ' "call … into play" the presumption contained in section 3044 only when the court believes it is appropriate.' " (*In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1498; see *Celia S. v. Hugo H.*, *supra*, 3 Cal.App.5th at p. 661 ["[t]his presumption is mandatory and the trial court has no discretion in deciding whether to apply it"].)

"We review custody and visitation orders for an abuse of discretion, and apply the substantial evidence standard to the [trial] court's factual findings. [Citation.] A court abuses its discretion in making a child custody order if there is no reasonable basis on which it could conclude that its decision advanced the best interests of the child. [Citation.] A court also abuses its discretion *if it applies improper criteria or makes incorrect legal assumptions*." (*In re Marriage of Fajota*, *supra*, 230 Cal.App.4th at p. 1497.) If the presumption of section 3044 is triggered, the failure to apply it is an abuse of discretion. (*In re Marriage of Fajota*, at pp. 1499–1500.)

***The Failure to Inform the Parties of Section 3044***

Desirae first contends the family court abused its discretion by failing to inform the parties of section 3044 or provide them with a copy of the statute when it ordered them to custody mediation at the January 31, 2020 hearing.

Subdivision (h) of section 3044 provides: "In a custody or restraining order proceeding in which a party has alleged that the other party has perpetrated domestic violence in accordance with the terms of this section, the court shall inform the parties of the existence of this section and shall give them a copy of this section prior to custody mediation in the case." By its plain terms, this subdivision imposes an affirmative duty on the court to inform the parties of section 3044 and provide a copy of the statute prior

12.

to custody mediation when a party has made allegations of domestic violence against the other party.

This is consistent with the Legislature's stated purpose in adding this provision to the statute, namely, to place the responsibility for providing notice of the statute on the court because custody mediators generally do not tell their clients about the statutory presumption. (*Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 825, citing Sen. Com. on Judiciary, Analysis of Sen. Bill No. 265 (2003-2004 Reg. Sess.) as amended Apr. 21, 2003, pp. 6–7.) The notice requirement is intended "to ensure that parties *in custody mediations* be informed about and provided a copy of section 3044. Thus, section 3044[, subdivision (h)] requires a court in 'any custody or restraining order proceeding' involving domestic violence accusations to provide the statutory notice to the parties before they enter into custody mediation." (*Sabbah v. Sabbah*, at p. 825.)[10]

We agree with Desirae that the facts of this case required the family court to give notice of section 3044 to the parties when it ordered them to custody mediation in January 2020. The family court was aware of the 2019 Utah protective order against Forestt, as well as the evidence of domestic violence Desirae submitted with her August 2019 responsive pleading, namely, the hospital records and Forestt's email admission. The protective order and evidence certainly were sufficient to show that Desirae was alleging Forestt had perpetrated domestic violence in accordance with section 3044's terms.

The family court, however, after setting aside the default, ordered the parties to attend custody mediation without mentioning section 3044. Neither the reporter's transcript nor the minute order of the hearing shows the family court informed the parties

---

[10]    Current subdivision (h) of section 3044 was added to the statute in 2003 as subdivision (f); it was redesignated subdivision (h) in 2018. (Stats. 2003, ch. 243 (S.B. 265), § 1; Stats. 2018, ch. 941 (A.B. 2044), § 3, eff. Jan. 1, 2019.)

of section 3044's existence or provided them with a copy of the statute. The family court clearly erred when it failed to comply with the notice requirements.

***The Failure to Apply the Section 3044 Presumption***

Desirae also contends the family court erred by failing to apply section 3044's rebuttable presumption when making its February and August 2020 custody orders.[11] Specifically, Desirae argues the Utah protective order triggered the section 3044 presumption; therefore, the family court was required to apply section 3044, regardless of whether the parties raised the statute's applicability.

In 2018, the Legislature amended section 3044 to add, among other things, subdivision (g), which provides: "In an evidentiary hearing or trial in which custody orders are sought and where there has been an allegation of domestic violence, the court shall make a determination as to whether this section applies prior to issuing a custody order, unless the court finds that a continuance is necessary to determine whether this section applies, in which case the court may issue a temporary custody order for a reasonable period of time, provided the order complies with Section 3011, including, but not limited to, subdivision (e), and Section 3020." (Stats. 2018, ch. 941 (A.B. 2044), § 3, eff. Jan. 1, 2019.)

The Assembly Committee on Judiciary analysis of Assembly Bill No. 2044, as amended March 22, 2018, explains the rationale for the amendment: "[T]his bill requires that if an allegation of domestic violence is made in any hearing in which custody or visitation is sought, the court must determine if the Section 3044 presumption applies

---

[11] While Desirae also mentions the July 13, 2020 temporary emergency custody order, which gave Forestt temporary sole physical custody of the children pending the August 14, 2020 hearing on the parties' motions for sole custody, that order expired on August 14, 2020, when the family court did not extend it. Instead, the family court modified the February 28, 2020 custody order, which gave the parties joint legal and physical custody of the children.

14.

*before* issuing a custody or visitation order. This is just a common sense measure to ensure that Section 3044 is actually implemented properly. An allegation of domestic violence against a parent, without more, should not create a presumption against custody to that parent. However, if an allegation is made, the court first must determine if the presumption might apply before making a custody award. If courts do not, upon receiving an allegation of domestic violence, even have to consider whether the Section 3044 presumption applied, the goal of that section—to protect children from the known harm of exposure to domestic violence—would be substantially undermined. This amendment does not make it any more likely that a court will find that the presumption exists; it simply requires that the court at least consider whether or not it might." (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 2044 (2017-2018 Reg. Sess.) as amended Mar. 22, 2018, pp. 7–8.)[12]

Thus, the court is required to determine whether section 3044 applies whenever there is an evidentiary hearing or trial in which custody orders are sought and domestic violence has been alleged. Here, although it does not appear testimony was taken at the August 14, 2020 hearing, the parties did submit evidence in support of their requests for sole custody of the children. Moreover, the family court was aware that Desirae had made allegations of domestic violence and, more importantly, the family court knew of the Utah protective order. Therefore, the family court was required to determine whether section 3044 applies before issuing the modified custody order.

Desirae contends section 3044 clearly applies because the Utah protective order constitutes a court finding that Forestt perpetrated domestic violence against her within

---

**12** On our own motion, we take judicial notice of the Assembly Committee on Judiciary report dated April 3, 2018, as amended March 22, 2018, pertaining to Assembly Bill No. 2044. (Evid. Code, §§ 452, 459; *Kaufman & Broad Communities, Inc. v. Performance Plastering, Inc.* (2005) 133 Cal.App.4th 26, 31–37.)

15.

the past five years. As we stated above, as applicable here, the rebuttable presumption applies if the Utah court found Forestt "perpetrated domestic violence" against Desirae, as defined in section 3044, subdivision (c), based on conduct occurring within five years of the custody determination. (§ 3044, subds. (a), (c), (d)(2); *Ellis*, *supra*, 2 Cal.App.5th at p. 416.)

The record does not reveal the details of the incident on which the Utah court based its issuance of the protective order, although Desirae states in her verified petition the incident involved threats of physical violence. The Utah protective order was issued under that state's Cohabitant Abuse Act, which allows "[a]ny cohabitant who has been subjected to abuse or domestic violence, or to whom there is a substantial likelihood of abuse or domestic violence," to "seek a protective order." (Utah Code Ann. § 78B-7-602(1); *Patole v. Marksberry* (2014) 329 P.3d 53, 54, 55.)[13] According to the information the children's attorney provided, in issuing the protective order, the Utah court found Forestt "abused or committed domestic violence" against Desirae, or "there is a substantial likelihood [Forestt] immediately threatens [Desirae's] physical safety," which is consistent with the Utah statute's requirements for issuing a protective order.

The finding that Forestt "immediately threatens [Desirae's] physical safety" places the Utah protective order squarely within the provisions of section 3044, subdivision (c), which includes engaging in "threatening" behavior "for which a court may issue an ex parte order pursuant to Section 6320 to protect the other party seeking custody of the child." (§ 3044, subd. (c).) Moreover, we agree with Desirae that the plain language of

---

**13** Utah defines "[a]buse" as "intentionally or knowingly causing or attempting to cause another individual physical harm or intentionally or knowingly placing another individual in reasonable fear of imminent physical harm." (Utah Code Ann. § 78B-7-102(1).) "Domestic violence" is defined as "any criminal offense involving violence or physical harm or threat of violence or physical harm, or any attempt, conspiracy, or solicitation to commit a criminal offense involving violence or physical harm, when committed by one cohabitant against another." (*Id.*, §§ 77-36-1(4), 78B-7-102(12).)

the Utah statutes demonstrate their definitions of "abuse" and "domestic violence" are encompassed within California's broad definition of domestic violence under section 3044, subdivision (c). Since "a finding of domestic abuse sufficient to support a [California Domestic Violence Prevention Act] restraining order necessarily triggers the presumption of section 3044" (*S.M. v. E.P.* (2010) 184 Cal.App.4th 1249, 1267), a finding of abuse or domestic violence sufficient to support the Utah protective order also necessarily triggers the presumption in section 3044. (See *In re Marriage of Fajota*, *supra*, 230 Cal.App.4th at p. 1500, fn. 10 [noting that "[i]f a domestic violence restraining order has been issued, then it is clear that there has been a finding of domestic violence sufficient to trigger the presumption"].)

Given this, the rebuttable presumption that joint custody is not in the children's best interest arises because all of the statutory requirements are satisfied. The Utah court expressly found Forestt immediately threatened Desirae's physical safety. In addition, the finding was based on events occurring within the five-year time frame preceding the family court's August 2020 ruling on the parties' requests to modify custody. Accordingly, there is no reasonable basis for the family court's failure to apply the section 3044 presumption at the August 14, 2020 hearing when it addressed custody and revised the February 28, 2020 custody orders. The family court therefore abused its discretion in granting Forestt joint legal and physical custody without applying the section 3044 presumption it would be detrimental to the children's best interests to award joint legal and physical custody.[14] We therefore issue a writ of mandate reversing the family court's custody orders and directing the family court to reassess custody in light of

---

[14] While it appears the family court had evidence of the domestic violence allegations, the Utah protective order, the prior Sacramento County child protective services orders, and the children's attorney's recommendation, the record does not show the family court specifically considered section 3044 in making its orders.

the presumption set forth in section 3044, and to enter a new custody order after applying the presumption.

## **DISPOSITION**

We grant Desirae's petition. Let a peremptory writ of mandate issue directing the family court to vacate its custody orders dated February 28, 2020 and August 14, 2020, and reconsider custody based on the presumption set forth in section 3044. Desirae shall recover her costs incurred in this proceeding.

This opinion is final forthwith as to this court pursuant to rule California Rules of Court, rule 8.490(b)(2)(A).


DE SANTOS, J.

WE CONCUR:


MEEHAN, Acting P.J.


SNAUFFER, J.